UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KEITH ROBERT CALDWELL, SR.,

    Plaintiff,

v.                      Case No. 8:14-cv-2708-T-33EAJ

SUZANNE M. KLINKER, ET AL.,

    Defendants.
_____/

**ORDER**

This matter comes before the Court *sua sponte*. On October 30, 2014, Keith Robert Caldwell, Sr. initiated this action against Suzanne Klinker, Susan Cutchall, Sharon Hayes, and John Timberlake, setting forth various claims for disregard of health and welfare of veterans, violations of Florida's Baker Act law, and medical malpractice. (See Doc. # 1). In the Complaint, Caldwell contends that this Court has jurisdiction over this action as Defendants allegedly violated his civil and constitutional rights. (Id.).

Upon review of the Complaint, the Court determines that it lacks subject matter jurisdiction over this matter. However, in light of Caldwell's *pro se* status, the Court grants Caldwell leave to file an amended complaint, on or before November 17, 2014, so that Caldwell may have an

additional opportunity to properly allege jurisdiction, if possible.

**Discussion**

"A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." Fitzgerald v. Seaboard Sys. R.R., Inc., 760 F.2d 1249, 1251 (11th Cir. 1985); Hallandale Prof'l Fire Fighters Local 2238 v. City of Hallandale, 922 F.2d 756, 759 (11th Cir. 1991) (stating "every federal court operates under an independent obligation to ensure it is presented with the kind of concrete controversy upon which its constitutional grant of authority is based").

Moreover, federal courts are courts of limited jurisdiction. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously [e]nsure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001). Construing Caldwell's Complaint liberally due to his *pro se* status, the Court reaches the

inescapable conclusion that this Court lacks subject matter jurisdiction over this action.

As stated above, Caldwell contends that this Court has jurisdiction over this action as Defendants allegedly violated his civil and constitutional rights. (Id.). However, Caldwell does not specifically reference a constitutional amendment or federal statute, and a mere reference to federal law is not enough to establish federal question jurisdiction. A case "arises under" federal law where federal law creates the cause of action or where a substantial disputed issue of federal law is a necessary element of a state law claim. See Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 9-10 (1991).

The Court has no obligation to hypothesize a federal claim, even considering Caldwell's *pro se* status. See Gibbs v. U.S., 865 F. Supp. 2d 1127, 1151 (M.D. Fla. 2012) ("The leniency afforded to *pro se* pleadings does not give a court license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.")(internal quotation omitted).

Although Caldwell alleges this Court has jurisdiction pursuant to 28 U.S.C. § 1331, in light of Caldwell's *pro se* status, this Court will also analyze whether Caldwell has

3

established diversity jurisdiction pursuant to 28 U.S.C. § 1332. In order to sufficiently allege diversity jurisdiction, Caldwell must demonstrate complete diversity of citizenship and that the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332. In order to demonstrate complete diversity, Caldwell must establish that his citizenship is diverse from the citizenship of every Defendant. As explained in <u>Molinos Valle Del Cibao, C. por A. v. Lama</u>, 633 F.3d 1330, 1342 n.12 (11th Cir. 2011), "citizenship, not residence, is the key fact that must be alleged . . . to establish diversity for a natural person." In addition, Caldwell must establish that the amount in controversy exceeds $75,000.

Upon review of the Complaint, Caldwell has failed to definitively establish diversity jurisdiction as Caldwell has not properly alleged the citizenship of all the parties. Specifically, Caldwell provides that he resides in St. Petersburg, Florida. He also alleges that Klinker and Cutchall lives in Bay Pines, Florida, Hayes lives in St. Petersburg, Florida, and Timberlake lives in Clearwater, Florida. (Doc. # 1). As stated above, it is citizenship and not residence that is essential to the diversity analysis.

Accordingly, this Court determines that it lacks subject matter jurisdiction over this action. The Court thus

dismisses the Complaint without prejudice so that Caldwell may have an additional opportunity to properly allege jurisdiction, if possible. The Court grants Caldwell leave to file an amended complaint on or before November 17, 2014.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The Complaint (Doc. # 1) is dismissed without prejudice.

(2) Keith Robert Caldwell may file an amended complaint on or before November 17, 2014.

(3) If no amended complaint is filed on or before November 17, 2014, this case will be dismissed without further notice.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 31st day of October, 2014.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All parties of record