UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KEITH ROBERT CALDWELL, SR.,

      Plaintiff,

 v.                       Case No. 8:14-cv-2708-T-33EAJ

SUZANNE M. KLINKER, ET AL.,

      Defendants.

_____/

## ORDER

This matter comes before the Court upon consideration of Defendant Sharon Hayes' Motion to Dismiss Plaintiff's Amended Complaint (Doc. # 12), filed on December 4, 2014. Pro Se Plaintiff Keith R. Caldwell failed to file a response in opposition thereto pursuant to the local rules and the time to do so has now passed. After due consideration of the pleadings filed, this Motion is granted.

## I. Background

On October 30, 2014, Caldwell initiated this action against Suzanne Klinker, Susan Cutchall, Sharon Hayes, and John Timberlake, setting forth various claims for disregard of health and welfare of veterans, violations of Florida's Baker Act law, and medical malpractice. (See Doc. # 1). In the Complaint, Caldwell contends that this Court has

jurisdiction over this action as Defendants allegedly violated his civil and constitutional rights. (<u>Id.</u>). Upon review of the Complaint, the Court determined that it lacked subject matter jurisdiction over this matter and dismissed the Complaint. (Doc. # 5). Caldwell then filed an Amended Complaint on November 10, 2014. (Doc. # 7). Caldwell served Hayes, individually, with a copy of the Amended Complaint on November 13, 2014.[1] (Doc. # 12). Thereafter, on December 4, 2014, Hayes filed the present Motion to Dismiss pursuant to 12(b)(1) and 12(b)(6), which is ripe for this Court's review. (<u>Id.</u>).

## II. <u>Legal Standard</u>

### A. <u>Rule 12(b)(1)- Lack of Subject Matter Jurisdiction</u>

Federal courts are courts of limited jurisdiction. <u>Taylor v. Appleton</u>, 30 F.3d 1365, 1367 (11th Cir. 1994). "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt

---

[1] The Court notes from a review of the record that no other Defendant has been served at this time.

2

about jurisdiction arises." <u>Smith v. GTE Corp.</u>, 236 F.3d 1292, 1299 (11th Cir. 2001). Motions to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) may attack jurisdiction facially or factually. <u>Morrison v. Amway Corp.</u>, 323 F.3d 920, 924 n.5 (11th Cir. 2003).

A facial attack on the complaint requires "the court merely to look and see if the plaintiff has sufficiently alleged a basis for subject matter jurisdiction, and the allegations in [the] complaint are taken as true for the purposes of the motion." <u>Lawrence v. Dunbar</u>, 919 F.2d 1525, 1529 (11th Cir. 1990)(quoting <u>Menchaca v. Chrysler Credit Corp.</u>, 613 F.2d 507, 511 (5th Cir. 1980)). Factual attacks, in comparison, challenge "the existence of subject matter jurisdiction in fact, irrespective of the pleadings. . . ." <u>Scarfo v. Ginsberg</u>, 175 F.3d 957, 960 (11th Cir. 1999)(quoting <u>Lawrence</u>, 919 F.2d at 1529). When the jurisdictional attack is factual, the presumption of truthfulness afforded to a plaintiff under Fed. R. Civ. P. 12(b)(6) does not attach. <u>Scarfo</u>, 175 F.3d at 960. Because the very power of the Court to hear the case is at issue, the Court is free to weigh evidence outside the four corners of the complaint. <u>Eaton v. Dorchester Dev., Inc.</u>, 692 F.2d 727, 732 (11th Cir. 1982).

**B. <u>Rule 12(b)(6) - Failure to State a Claim</u>**

3

On a motion to dismiss, this Court accepts as true all of the factual allegations in the complaint and construes them in the light most favorable to the plaintiff. <u>Jackson v. Bellsouth Telecomms.</u>, 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. <u>Stephens v. Dep't of Health & Human Servs.</u>, 901 F.2d 1571, 1573 (11th Cir. 1990)("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true."). However, the Supreme Court explains that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

<u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (internal citations omitted). Further, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986).

In accordance with <u>Twombly</u>, Federal Rule of Civil Procedure 8(a) calls "for sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 663 (2009) (quoting

<u>Twombly</u>, 550 U.S. at 570). A plausible claim for relief must include "factual content [that] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u>

## II.  **Discussion**

### a. **Failure to State a Claim**

Hayes contends that the allegations in the Amended Complaint "do not identify or otherwise describe any act or omission committed by [] Hayes, let alone any act or omission that caused or contributed to [Caldwell's] alleged damages or would support a cause of action against [] Hayes." (Doc. # 12 at 2). Hayes argues that the "conclusory allegations" contained within the Amended Complaint are "insufficient to plausibly suggest that [] Hayes committed any act or omission that amounted to medical malpractice, a federal or state statutory violation, or a violation of [Caldwell's] constitutional rights. (<u>Id.</u> at 3). Hayes notes that "although [Caldwell] cited specific statutes and constitutional provisions that Defendants allegedly violated, he failed to include a 'short and plain statement of the claim[s] against [Hayes] showing that [he] is entitled to relief,'" as required by the Federal Rules of Civil Procedure. (<u>Id.</u> at 5-6).

Furthermore, Hayes asserts that to the extent Caldwell attempts to allege claims for medical malpractice against Defendants, Caldwell has not alleged Hayes is a healthcare provider and has "failed to plead that he complied with the statutory presuit requirements of Chapter 766, Florida Statutes." (Id. at 6). Accordingly, Hayes states that Caldwell's malpractice claims are subject to dismissal. (Id.). Hayes avers that the Amended Complaint should also be dismissed for failure to comply with the Federal Rules of Civil Procedure. (Id. at 7).

From the Court's review, the Amended Complaint consists entirely of legal conclusions and incoherent factual allegations and fails to set forth a cause of action or to reference any particular statute or Constitutional provision that Hayes allegedly violated.  As a result, Hayes is forced to hypothesize based on the vague allegations what statutory or Constitutional violations Caldwell is asserting against her. Pleadings of this nature violate Federal Rule of Civil Procedure 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."

### b. Subject Matter Jurisdiction

Finally, Hayes contends that the Amended Complaint should be dismissed as it does not "cure the subject matter

deficiency previously identified by the Court by referencing several federal statutes and constitutional amendments" as these mere references are insufficient to give the Court federal question jurisdiction over claims against Hayes. (Id. at 8). This Court agrees.

Construing Caldwell's Amended Complaint liberally due to his *pro se* status, the Court reaches the inescapable conclusion that this Court lacks subject matter jurisdiction over this action. Although Caldwell has referenced constitutional amendment and federal statutes, a mere reference to federal law is not enough to establish federal question jurisdiction. A case "arises under" federal law where federal law creates the cause of action or where a substantial disputed issue of federal law is a necessary element of a state law claim. See Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 9-10 (1991).

The Court has no obligation to hypothesize federal claims, even considering Caldwell's *pro se* status. See Gibbs v. United States, 865 F. Supp. 2d 1127, 1151 (M.D. Fla. 2012) ("The leniency afforded to *pro se* pleadings does not give a court license to serve as de facto counsel for a party or to

rewrite an otherwise deficient pleading in order to sustain an action.")(internal quotation omitted).

Although Caldwell alleges this Court has jurisdiction, he has again failed to establish diversity jurisdiction pursuant to 28 U.S.C. § 1332. In order to sufficiently allege diversity jurisdiction, Caldwell must demonstrate complete diversity of citizenship and that the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332. In order to demonstrate complete diversity, Caldwell must establish that his citizenship is diverse from the citizenship of every Defendant. As explained in Molinos Valle Del Cibao, C. por A. v. Lama, 633 F.3d 1330, 1342 n.12 (11th Cir. 2011), "citizenship, not residence, is the key fact that must be alleged . . . to establish diversity for a natural person." In addition, Caldwell must establish that the amount in controversy exceeds $75,000.

Upon review of the Complaint, Caldwell has failed to definitively establish diversity jurisdiction as Caldwell has alleged that all parties are residents of Florida. Specifically, Caldwell provides that he resides in St. Petersburg, Florida. He also alleges that Klinker and Cutchall live in Bay Pines, Florida, Hayes lives in St. Petersburg, Florida, and Timberlake lives in Clearwater,

Florida. (Doc. # 1). As stated above, it is citizenship and not residence that is essential to the diversity analysis. Furthermore, it is unclear from the Amended Complaint what causes of action Caldwell attempts to allege that would give this Court subject matter jurisdiction arising from federal law.

Accordingly, based on the above, this Court determines that Caldwell has failed to state a claim against Hayes and has failed to establish that this Court has subject matter jurisdiction over this action. Therefore, Hayes' Motion is granted. However, this case is dismissed without prejudice so that Caldwell has one final opportunity to file a Second Amended Complaint – by January 5, 2015 – to demonstrate that this Court has subject matter jurisdiction over this action and allege a claim against all Defendants.

The Court reminds Caldwell that he has until February 25, 2015, to effectuate service on the remaining Defendants in this action. Failure to properly serve the remaining Defendants by February 25, 2015, will result in dismissal of those Defendants from this action without further notice.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1)   Defendant Sharon Hayes' Motion to Dismiss Plaintiff's Amended Complaint (Doc. # 12) is **GRANTED**.

(2)   Caldwell has until and including **January 5, 2015**, to file his Second Amended Complaint.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 23rd day of December, 2014.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All parties of record