UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KEITH ROBERT CALDWELL, SR.,

       Plaintiff,

 v.                            Case No. 8:14-cv-2708-T-33EAJ

U.S. DEPARTMENT OF VETERANS
AFFAIRS, U.S. DEPARTMENT OF
HEALTH AND HUMAN SERVICES,
HOSPITAL CORPORATION OF
AMERICA HOLDINGS, INC.,

       Defendants.
_____/

## ORDER

This matter comes before the Court upon consideration of Defendants U.S. Department of Veterans Affairs and U.S. Department of Health and Human Services' (collectively referred to as the "Government") Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. # 22), filed on January 9, 2015. Pro Se Plaintiff Keith Robert Caldwell, Sr. filed a document entitled "Plaintiff Keith Robert Caldwell Sr. Response to Defendant Sharon Hayes' Motion to Dismiss Plaintiff's Amended Complaint That was Granted by The Court on December 23, 2014" on January 26, 2015. (Doc. # 24). This Court construes this document to be Caldwell's response in opposition to the Motion to Dismiss the Second Amended

Complaint. After due consideration of the pleadings filed, this Motion is granted.

## I. <u>Background</u>

On October 30, 2014, Caldwell initiated this action against Suzanne Klinker, Susan Cutchall, Sharon Hayes, and John Timberlake, setting forth various claims for disregard of health and welfare of veterans, violations of Florida's Baker Act law, and medical malpractice. (<u>See</u> Doc. # 1). In the Complaint, Caldwell contended that this Court had jurisdiction over this action as Defendants allegedly violated his civil and constitutional rights. (<u>Id.</u>). Upon review of the Complaint, the Court determined that it lacked subject matter jurisdiction over this action and dismissed the Complaint. (Doc. # 5). Caldwell then filed an Amended Complaint on November 10, 2014. (Doc. # 7). Caldwell served Hayes, individually, with a copy of the Amended Complaint on November 13, 2014. (Doc. # 12). Thereafter, on December 4, 2014, Hayes filed a Motion to Dismiss pursuant to 12(b)(1) and 12(b)(6). (<u>Id.</u>).

On December 23, 2014, this Court entered an Order granting the Motion to Dismiss and granted Caldwell leave to file a Second Amended Complaint. (Doc. # 13). Caldwell filed his Second Amended Complaint on January 5, 2015, dropping the

previously named defendants and adding as Defendants the U.S. Department of Veterans Affairs, the U.S. Department of Health and Human Services, and Hospital Corporation of America Holdings, Inc. (Doc. # 18). Thereafter, on January 9, 2015, the Government filed the present Motion to Dismiss (Doc. # 22), which is ripe for this Court's review.

## II. **Legal Standard**

### A. **Rule 12(b)(1)- Lack of Subject Matter Jurisdiction**

Federal courts are courts of limited jurisdiction. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001). Motions to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) may attack jurisdiction facially or factually. Morrison v. Amway Corp., 323 F.3d 920, 924 n.5 (11th Cir. 2003).

A facial attack on the complaint requires "the court merely to look and see if the plaintiff has sufficiently

alleged a basis for subject matter jurisdiction, and the allegations in [the] complaint are taken as true for the purposes of the motion." Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990)(quoting Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 511 (5th Cir. 1980)). Factual attacks, in comparison, challenge "the existence of subject matter jurisdiction in fact, irrespective of the pleadings. . . ." Scarfo v. Ginsberg, 175 F.3d 957, 960 (11th Cir. 1999)(quoting Lawrence, 919 F.2d at 1529). When the jurisdictional attack is factual, the presumption of truthfulness afforded to a plaintiff under Fed. R. Civ. P. 12(b)(6) does not attach. Scarfo, 175 F.3d at 960. Because the very power of the Court to hear the case is at issue, the Court is free to weigh evidence outside the four corners of the complaint. Eaton v. Dorchester Dev., Inc., 692 F.2d 727, 732 (11th Cir. 1982).

**B. Rule 12(b)(6) - Failure to State a Claim**

On a motion to dismiss, this Court accepts as true all of the factual allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th

4

Cir. 1990)("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true."). However, the Supreme Court explains that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). Further, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

In accordance with Twombly, Federal Rule of Civil Procedure 8(a) calls "for sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Twombly, 550 U.S. at 570). A plausible claim for relief must include "factual content [that] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

## II.  Discussion

It is the Government's position that the only proper Defendant to Caldwell's negligence claim is the United

5

States. (Doc. # 22 at 5). Specifically, the Government contends that "under Section 2679(b) of Title 28, United States Code, the exclusive remedy for a state law tort claim against a federal employee acting within the scope of his employment is an action against the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2672 ('FTCA')." (Id.). Furthermore, the Government states that "the Court lacks subject matter jurisdiction over the claims asserted by [Caldwell] because he failed to exhaust his administrative remedies under the FTCA." (Id. at 6). The Government asserts that Caldwell "alleges that the acts or omissions by the defendants occurred between August 16, 2014, and October 22, 2014. Nowhere does the plaintiff allege the filing of a claim with the VA or with HHS." (Id. at 6-7).

A plaintiff bringing a claim against the United States under the FTCA must first present the claim to the appropriate federal agency and wait for the agency to finally deny it. Burchfield v. United States, 168 F.3d 1252, 1254-55 (11th Cir. 1999). An agency's failure to dispose of a claim within six months is deemed to be a final denial. Id.; see 28 U.S.C. § 2675(a). A district court only has jurisdiction over an FTCA action if the plaintiff has met section 2675(a)'s

requirements. Id.; see Bush v. United States, 703 F.2d 491, 494 (11th Cir. 1983).

Moreover, the Government contends that sovereign immunity bars constitutional tort claims against the United States and its federal agencies. (Doc. # 22 at 7). Since Caldwell asserts a due process violation under the Fifth and Fourteenth Amendments, the Government argues that sovereign immunity bars these claims as Caldwell has not sought nor received a waiver of immunity for his claims. (Id. at 8).

Construing Caldwell's Second Amended Complaint liberally based on his pro se status, the Court reaches the inescapable conclusion that, as the Second Amended Complaint is pled, this Court lacks subject matter jurisdiction over this action. The Court has no obligation to hypothesize federal claims, even considering Caldwell's pro se status. See Gibbs v. United States, 865 F. Supp. 2d 1127, 1151 (M.D. Fla. 2012) ("The leniency afforded to pro se pleadings does not give a court license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.")(internal quotation omitted). As Caldwell has alleged negligence and malpractice claims against departments of the United States, his failure to set forth his pursuit of administrative remedies, at present, is fatal to his case.

7

Furthermore, from the Court's review, the Second Amended Complaint consists entirely of legal conclusions and incoherent factual allegations, and fails to set forth cognizable causes of action. As a result, Defendants are forced to hypothesize based on the vague allegations what statutory or Constitutional violations Caldwell is asserting. Pleadings of this nature violate Federal Rule of Civil Procedure 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."

Accordingly, based on the above, this Court determines that Caldwell has failed to state a claim and has failed to establish that this Court has subject matter jurisdiction over this action. Therefore, the Governments' Motion is granted. However, although the Government requests that Caldwell not be given leave to amend, this is the first Complaint against these particular Defendants. As such, this case is dismissed without prejudice so that Caldwell has one final opportunity to file a Third Amended Complaint – by **February 16, 2015** – to demonstrate that this Court has subject matter jurisdiction over this action and allege a claim against all Defendants.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1)   Defendants United States Department of Veterans Affairs and United States Department of Health and Human Services' Motion to Dismiss Second Amended Complaint (Doc. # 22) is **GRANTED**.

(2)   Caldwell has until and including **February 16, 2015**, to file his Third Amended Complaint.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 27th day of January, 2015.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All parties and counsel of record